UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EVOLUTION CAPITAL MANAGEMENT, LLC,  :     1:12-cv-04841-AJN
EVOLUTION CDC SPV LTD., GLOBAL       :
OPPORTUNITIES FUND LTD., SPC,        :
SEGREGATED PORTFOLIO M (f.k.a.       :
"EVOLUTION MASTER FUND LTD., SPC,    :
SEGREGATED PORTFOLIO M"), EVO CHINA  :
FUND and E1 FUND LTD.,               :
                                     :
                       Plaintiffs,   :
                                     :
           v.                        :
                                     :
CDC SOFTWARE CORPORATION, WONG       :
CHUNG KIU (a.k.a. "C.K. WONG"), YIP HAK :
YUNG (a.k.a. "PETER YIP"), ASIA PACIFIC :
ONLINE LIMITED (a.k.a. "ASIA PACIFIC ON-LINE :
LIMITED"), CH'IEN KUO FUNG (a.k.a.   :
"RAYMOND CH'IEN"), FRANCIS KWOK-YU AU, :
DONALD L. NOVAJOSKY, MONISH BAHL,    :
THOMAS M. BRITT III, WONG KWONG CHI  :
(a.k.a. "SIMON WONG"), and WANG CHEUNG :
YUE (a.k.a. "FRED WANG"),            :
                                     :
                       Defendants.   :
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND TO STATE COURT BASED ON LACK OF SUBJECT-MATTER JURISDICTION OR, IN THE ALTERNATIVE, PRINCIPLES OF ABSTENTION**

SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, 11th Floor
New York, New York  10169
(212) 818-9200

*Attorneys for Plaintiffs*

1456759_1

**Table of Contents**

Page

PRELIMINARY STATEMENT ...............................................................................................1

BACKGROUND ..............................................................................................................................2

ARGUMENT ....................................................................................................................................3

I.   APOL BEARS THE BURDEN OF DEMONSTRATING THAT REMOVAL IS PROPER AND THAT MANDATORY ABSTENTION IS NOT WARRANTED ..............................................................................................................3

II.  PLAINTIFFS' ACTION IS NOT "RELATED TO" THE CDC CORPORATION BANKRUPTCY ..............................................................................4

   A.   THE RELEVANT LEGAL STANDARD ..............................................................4

   B.   APOL'S CURSORY REMOVAL NOTICE DOES NOT SATISFY ITS BURDEN ..................................................................................................................5

III. THIS COURT IS REQUIRED TO ABSTAIN FROM EXERCISING ANY "RELATED TO" JURISDICTION APOL CLAIMS EXISTS ...........................................7

   A.   THE FIRST FIVE PREREQUISITES ARE EASILY SATISFIED......................8

   B.   THE SIXTH REQUIREMENT IS MET BECAUSE THIS ACTION CAN BE "TIMELY ADJUDICATED" IN STATE COURT ................................9

IV.  THIS COURT SHOULD REMAND THIS CASE UNDER THE PERMISSIVE ABSTENTION PROVISIONS OF 28 U.S.C. §§ 1334(C)(1) AND 1452(B) ...................12

CONCLUSION................................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allstate Ins. Co. v. Ace Sec. Corp.*,
　　No. 11 Civ. 1914(LBS), 2011 WL 3628852 (S.D.N.Y. Aug. 17, 2011) ......................4, 8, 9

*Allstate Ins. Co. v. CitiMortgage, Inc.*,
　　No. 11 Civ. 1927(RJS), 2012 WL 967582 (S.D.N.Y. Mar. 13, 2012) ..............................12

*Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*,
　　No. 11 Civ. 2232(NRB), 2011 WL 4965150 (S.D.N.Y. Oct. 19, 2011) .............................7

*Andrews v. Modell*,
　　636 F. Supp. 2d 213 (S.D.N.Y. 2008)................................................................................3

*Celotex Corp. v. Edwards*,
　　514 U.S. 300 (1995)............................................................................................................5

*Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*,
　　337 B.R. 22 (S.D.N.Y. 2005)..............................................................................................7

*Deep v. Boies*,
　　No. 1:05-CV-1187, 2007 WL 169940 (N.D.N.Y Jan. 17, 2007) ......................................10

*Gen. Elec. Capital Corp. v. Por-Fac Coop., Inc.*,
　　No. 01 CIV 10215 LTS JCF, 2002 WL 1300054 (S.D.N.Y. June 11, 2002) .....................7

*In re 19 Court St. Assocs., LLC*,
　　190 B.R. 983 (Bankr. S.D.N.Y. 1996)................................................................................5

*In re Amanat*,
　　338 B.R. 574 (S.D.N.Y. 2005).........................................................................................10

*In re Asbestos Litig.*,
　　No. CV 01-1790-PA, 2002 WL 649400 (D. Or. Feb. 1, 2002) ..........................................6

*In re Casual Male Corp.*,
　　317 B.R. 472 (Bankr. S.D.N.Y. 2004).............................................................................12

*In re Extended Stay Inc.*,
　　435 B.R. 139 (S.D.N.Y. 2010).....................................................................................8, 10

*In re Fairfield Sentry Ltd. Litig.*,
　　458 B.R. 665 (S.D.N.Y. 2011)..............................................................................7, 8, 10

*In re Federal-Mogul Global, Inc.*,
 300 F.3d 368 (3d Cir. 2002)..................................................................................................5

*In re Holland Indus., Inc.*,
 103 B.R. 461 (Bankr. S.D.N.Y. 1989)...................................................................................5

*In re Leco Enters., Inc.*,
 144 B.R. 244 (S.D.N.Y.1992)..............................................................................................11

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
 488 F.3d 112 (2d Cir. 2007)...............................................................................................3, 5

*In re New 118th LLC*,
 396 B.R. 885 (Bankr. S.D.N.Y. 2008).......................................................................8, 10, 11

*In re RJZM LLC*,
 No. 06-11535 (ALG), 2009 WL 2929433 .........................................................................10

*In re Taub*,
 417 B.R. 186 (E.D.N.Y. 2009) ............................................................................................13

*In re Victory Mkts., Inc.,*
 263 B.R. 9 (N.D.N.Y. 2000) ..................................................................................................5

*In re W.R. Grace & Co.,*
 591 F.3d 164 (3d Cir. 2009) *cert. denied*, 131 S. Ct. 200 (2010) ........................................6

*In re: CDC Corporation*,
 No. 11-79079 (PWB) (Bankr. N.D. Ga. Oct. 4, 2011) ........................................................3

*Lifetime Brands Inc. v. ARC Int'l, SA*,
 No. 09-cv-9792(LAK), 2010 WL 454680 (S.D.N.Y. Jan. 29, 2010) ............................8, 10

*Pacor, Inc. v. Higgins*,
 743 F.2d 984 (3d Cir. 1984), *overruled on other grounds by Things Remembered,
 Inc. v. Petrarca*, 516 U.S. 124 (1995)..........................................................................4, 5, 6

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*,
 639 F.3d 572 (2d Cir. 2011) ("*Parmalat I*")............................................................. passim

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*,
 671 F.3d 261 (2d Cir. 2012) ("*Parmalat II*")...........................................................8, 9, 11

*Steel Workers Pension Trust v. Citigroup, Inc.*,
 295 B.R. 747 (E.D. Pa. 2003) ...............................................................................................6

*Villano ex rel. Villano v. Kohl's Dep't Stores, Inc.*,
 362 F. Supp. 2d 418 (S.D.N.Y. 2005)..................................................................................3

**STATUTES**

28 U.S.C. § 1334 ............................................................................................................................7, 13

28 U.S.C. § 1334(b) ......................................................................................................................1, 4

28 U.S.C. §§ 1334(c)(1) ...............................................................................................................2, 12

28 U.S.C. § 1334(c)(2) ............................................................................................................ passim

28 U.S.C. § 1452(b) .........................................................................................................................12

By this motion to remand, Plaintiffs seek to have this action—alleging purely state-law claims—returned to New York Supreme Court.

## PRELIMINARY STATEMENT

This action arises from the tortious acts of Defendants, who are primarily a group of former and current directors and officers of defendant CDC Software Corporation and former directors of non-party CDC Corporation. Among other wrongful acts, Defendants concocted and implemented a plan designed to harm Plaintiffs by harassing them (and some of their investors) with meritless litigation and by making misrepresentations about Plaintiffs to their investors, all in an attempt to put Plaintiffs out of business. Defendants' plan—code named "Star Wars" (as if lifted from an Enron playbook)—was their calculated strategy to file knowingly and patently false lawsuits against Plaintiffs and to issue negative, defamatory public statements referencing Defendants' baseless allegations against Plaintiffs. Defendants' "Star Wars" plan was also designed to increase the value of Defendants' own stock holdings and increase the value of their own options and bonuses, while at the same time harming Plaintiffs by inducing Plaintiffs' investors to redeem their investments (and thereby potentially bankrupt Plaintiffs' managed funds). Regrettably, Defendants' wrongful Star Wars strategy and other tortious acts were largely successful—to Plaintiffs' financial detriment.

Defendant Asia Pacific Online Limited ("APOL") removed this action on June 20, 2012, solely pursuant to the "related to" bankruptcy provisions of 28 U.S.C. § 1334(b).[1] No Defendant is in bankruptcy. Rather, APOL claims that this action is related to the bankruptcy proceeding of CDC Corporation currently pending in the United States Bankruptcy Court for the Northern District of Georgia. APOL conclusively claims this action "relates to" the CDC

---

[1] No other Defendant joined in (or consented to) APOL's Notice of Removal.

Corporation bankruptcy because it may have indemnification rights against the CDC estate should Plaintiffs prevail here.

Remand should be ordered on any one of three independent grounds.

*First*, APOL fails to demonstrate that "related to" jurisdiction exists. Its vague description in the removal notice of hypothetical and contingent claims against CDC Corporation is facially insufficient. *See* Section II *infra*.

*Second*, even assuming this action could be "related to" the CDC Corporation bankruptcy proceedings, the *mandatory* abstention provisions of 28 U.S.C. § 1334(c)(2) require remand. This section provides that non-core cases (which this case indisputably is) arising out of state law (which this case does) that can be timely adjudicated in state court (which this case can) "shall be" remanded to state court. *Id.* There can be no doubt that this action can be timely adjudicated in the Commercial Division of the New York State Supreme Court—a court which capably (and expeditiously) handles similar state law claims on a daily basis. *See* Section III *infra*.

*Third*, at minimum, this court should exercise its discretion to abstain and remand under 28 U.S.C. §§ 1334(c)(1) and 1452(b). The interests of justice and comity weigh firmly in favor of permissive abstention and remand to state court here. *See* Section IV *infra*

Plaintiffs, therefore, respectfully request that the action be remanded to New York Supreme Court.

## BACKGROUND

On April 27, 2012, Plaintiffs filed their Complaint in the Supreme Court of the State of New York, New York County.[2] The Complaint asserts claims for tortious interference

---

[2] *See* Complaint (or "Compl.") (Dkt. No. 1, Ex. B).

2

with contract, tortious interference with prospective business relations, breaches of fiduciary duty, alter ego liability, malicious prosecution and libel *per se* against: (i) non-Debtor CDC Software Corporation, (ii) non-Debtor APOL, (iii) former employees, directors and officers of non-Debtor CDC Software Corporation (*e.g.*, C.K. Wong, Frank Au, Raymond Ch'ien, Monish Bahl), and (iv) former directors of CDC Corporation (*e.g.*, Peter Yip, Tom Britt).  (*See* Compl. ¶¶ 2, 9-19.)

On June 20, 2012, Defendant APOL filed a notice of removal ("Notice") in this Court.  (*See* Dkt. No. 1.)  The Notice asserts that this action is "related to" the bankruptcy proceedings of CDC Corporation[3] because "[e]ach Defendant in the New York State Court Action has asserted, *or may have the right to assert*, a claim against CDC for indemnification" and thus "CDC *may be* ultimately responsible for the payment of any damages" awarded in the action.  (Notice ¶¶ 12, 16) (emphasis added).  The Notice does not, however, attach any indemnification agreements or otherwise demonstrate their scope.

## ARGUMENT

### I. APOL BEARS THE BURDEN OF DEMONSTRATING THAT REMOVAL IS PROPER AND THAT MANDATORY ABSTENTION IS NOT WARRANTED

APOL must demonstrate that removal is proper.  *See, e.g.*, *Andrews v. Modell*, 636 F. Supp. 2d 213, 219 (S.D.N.Y. 2008).  "Removal jurisdiction is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum."  *Villano ex rel. Villano v. Kohl's Dep't Stores, Inc.*, 362 F. Supp. 2d 418, 419 (S.D.N.Y. 2005).  Indeed, "out of respect for the limited jurisdiction of the federal courts and the rights of states, [courts] must resolve any doubts against removability."  *In*

---

[3] *In re: CDC Corporation*, No. 11-79079 (PWB) (Bankr. N.D. Ga. Oct. 4, 2011)

*re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks omitted).

APOL likewise bears the burden of demonstrating that mandatory abstention under 28 U.S.C. § 1334(c)(2) is *not* warranted.  As the Second Circuit recently noted, "[p]lacing the burden on the party seeking remand may . . . be inconsistent with the mandatory nature of abstention under § 1334(c)(2) as well as the principles of comity, which presume that a state court will operate efficiently and effectively." *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 582 (2d Cir. 2011) ("*Parmalat I*").  Accordingly, APOL must also show that mandatory abstention is not proper.  *Allstate Ins. Co. v. Ace Sec. Corp.*, No. 11 Civ. 1914(LBS), 2011 WL 3628852, at *7 (S.D.N.Y. Aug. 17, 2011) (citing *Parmalat I* and holding that "Defendants bear the burden of demonstrating that the test for mandatory abstention has not been met").

## II. PLAINTIFFS' ACTION IS NOT "RELATED TO" THE CDC CORPORATION BANKRUPTCY

APOL relies on "related to" jurisdiction, under 28 U.S.C. §§ 1334(b) and 1452(a) as the basis for removing this case.  In fact, the Notice fails to demonstrate that this action is related to the CDC Corporation bankruptcy proceedings.

### A. The Relevant Legal Standard

A non-core proceeding, such as this one, is "related to" a bankruptcy case if its "outcome might have any 'conceivable effect' on the bankrupt estate." *Parmalat I*, 639 F.3d at 579 (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992)); *see also Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (test "is whether the outcome of [the civil proceeding] could conceivably have any effect on the estate being administered in bankruptcy")

(emphasis omitted), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995).

While this test appears to be facially broad, the Supreme Court has made clear that "'related to' jurisdiction cannot be limitless." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). This is particularly the case where, as here, non-debtor third parties are involved. "Because an endless array of cases would 'relate to' any single bankruptcy administration, the Second Circuit has limited 'related to' jurisdiction to '*significant*' relation, and *not simply a remote connection*." *In re Victory Mkts., Inc.,* 263 B.R. 9, 15 (N.D.N.Y. 2000) (emphasis added); *see also In re 19 Court St. Assocs., LLC*, 190 B.R. 983, 996 (Bankr. S.D.N.Y. 1996) (there must be "a direct and significant connection between the contract and the debtor's estate"); *In re Holland Indus., Inc.*, 103 B.R. 461, 468 (Bankr. S.D.N.Y. 1989) ("[R]elatedness does not lie where the dispute, while 'conceivably' related to the bankruptcy estate, is so only remotely.").

To demonstrate a "conceivable effect" on the bankruptcy estate, the removing party must show that the outcome of the dispute "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and . . . in any way impact[] upon the handling and administration of the bankrupt estate." *Pacor*, 743 F.2d at 994. In other words, the test requires that the civil dispute create "the logical possibility that the estate will be affected." *In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 375 (3d Cir. 2002) (internal quotation marks omitted).

B.  **APOL's Cursory Removal Notice Does Not Satisfy Its Burden**

APOL's Notice does not satisfy its burden of demonstrating that this action will conceivably affect the CDC Corporation bankruptcy estate. The Notice falls far short of "resolv[ing] any doubts against removability." *In re MTBE*, 488 F.3d at 124.

*First*, the purported indemnification rights advanced as the sole basis for jurisdiction are described in conclusory and hypothetical terms.  The Notice ambiguously asserts that each Defendant "has asserted, *or may have the right to assert*, a claim against CDC for indemnification."  (Notice ¶ 12) (emphasis added).  Yet, APOL fails to cite to (or attach) the agreements that purportedly give the defendants these indemnification rights, or to explain how (or whether) the intentional wrongdoing alleged by Plaintiffs in this action would be covered by those agreements.  APOL therefore fails to demonstrate an established ability to pursue indemnification in the CDC Corporation bankruptcy.  *See, e.g., Steel Workers Pension Trust v. Citigroup, Inc.*, 295 B.R. 747, 750 (E.D. Pa. 2003) ("Mere *potential* impact upon the debtor's estate is insufficient.") (emphasis added).  This failure requires remand. *See In re Asbestos Litig.*, No. CV 01-1790-PA, 2002 WL 649400, at *4 (D. Or. Feb. 1, 2002) (no related-to jurisdiction based on "hypothetical indemnity and contribution claims" asserted with "almost no factual support").

*Second*, APOL fails to establish that this action automatically triggers any indemnification liabilities, as opposed to being "a mere *precursor* to [a] potential third party claim for indemnification." *Pacor*, 743 F.2d at 995 (emphasis added).  The Notice facially indicates that Defendants' rights would only arise from a future action depending on a series of contingencies.  (*See* Notice ¶¶ 12, 16) ("Each Defendant in the New York State Court Action has asserted, *or may have the right to assert*, a claim against CDC for indemnification" and thus "CDC *may be* ultimately responsible for the payment of any damages" in the New York Action) (emphasis added).  Such contingencies show that any connection between this case and any bankruptcy is tenuous.  Courts have denied "related to" jurisdiction where purported

6

1456759_1

indemnification rights were similarly attenuated. *See Pacor,* 743 F.2d at 995.[4] Remand is thus warranted.

### III. THIS COURT IS REQUIRED TO ABSTAIN FROM EXERCISING ANY "RELATED TO" JURISDICTION APOL CLAIMS EXISTS

Even if this Court determines that there is federal "related to" jurisdiction over Plaintiffs' action, 28 U.S.C. § 1334(c)(2) requires that this Court abstain and remand this case to state court. This section provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court **shall abstain** from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added).

In other words, abstention is *required* where, as here:

(1) the motion to abstain was timely;
(2) the action is based on state law claims;
(3) the action does not "arise in" a bankruptcy case or "arise under" title 11;
(4) section 1334 provides the sole basis for federal jurisdiction;
(5) the action was commenced in state court; and
(6) that action can be "timely adjudicated" in state court.

---

[4] The Third Circuit has reaffirmed that contingent indemnification claims are not a valid basis for "related to" jurisdiction. *See In re W.R. Grace & Co.,* 591 F.3d 164, 173 (3d Cir. 2009) *cert. denied*, 131 S. Ct. 200 (2010). *See also Steel Workers*, 295 B.R. at 750 (in holding that an underwriters' indemnification agreement with debtor did not bring action within "related to" jurisdiction, the court stated, "[t]he necessity of future action to fix the debtor's liability after resolution of the pending lawsuit precludes the exercise of 'related to' jurisdiction"); *Gen. Elec. Capital Corp. v. Por-Fac Coop., Inc.*, No. 01 CIV 10215 LTS JCF, 2002 WL 1300054, at *2 (S.D.N.Y. June 11, 2002) ("Resolution of the rights of Plaintiff and Defendants *inter se* does not require resolution of the validity or proper scope of any [indemnification] claims by Defendants against Debtor, and will have no direct effect on the bankruptcy estate.").

7

*See, e.g., Parmalat I*, 639 F.3d at 579-80; *Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*, No. 11 Civ. 2232(NRB), 2011 WL 4965150, at *6 (S.D.N.Y. Oct. 19, 2011); *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 689 (S.D.N.Y. 2011); *Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, 337 B.R. 22, 26 (S.D.N.Y. 2005).

Cases routinely find mandatory abstention appropriate, even when a suit is—for reasons absent here—found to be "related to" bankruptcy proceedings. *See, e.g., Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 671 F.3d 261, 265-70 (2d Cir. 2012) ("*Parmalat II*"); *Allstate*, 2011 WL 3628852, at *10 (S.D.N.Y. Aug. 17, 2011); *In re Extended Stay Inc.*, 435 B.R. 139, 152 (S.D.N.Y. 2010); *Lifetime Brands Inc. v. ARC Int'l, SA*, No. 09-cv-9792(LAK), 2010 WL 454680, at *2-3 (S.D.N.Y. Jan. 29, 2010); *In re New 118th LLC*, 396 B.R. 885, 892-95 (Bankr. S.D.N.Y. 2008).

As each of the statutory requirements for mandatory abstention is satisfied here, this case must be remanded.

### A. The First Five Prerequisites Are Easily Satisfied

*First*, this motion is timely. APOL removed this action on June 20, 2012 (*see* Dkt. No. 1); Plaintiffs have filed this motion on July 12, 2012. While "Section 1334(c)(2) does not define 'timely' and courts apply a case-by-case approach," *In re New 118th*, 396 B.R. at 893, here there can be no reasonable dispute that Plaintiffs' motion is timely. *See id.* at 893-94 (finding motion timely and granting motion for abstention under section 1334(c)(2), despite the passage of eight months between removal of the state action and the filing of the abstention motion).

*Second*, this action is based entirely on state law claims of tortious interference with contract, tortious interference with prospective business relations, breaches of fiduciary duty, alter ego liability, malicious prosecution and libel *per se*. (Compl. ¶¶ 54-135.)

8

1456759_1

*Third*, this action neither "arises in" a bankruptcy case nor "arises under" the bankruptcy laws governing the proceedings of non-party CDC Corporation—*i.e.* it is a non-core proceeding. Actions "'arise under' title 11 when the cause of action or substantive right claimed is created by the Bankruptcy Code." *In re Fairfield Sentry*, 458 B.R. at 674 (citations omitted). Actions "'arise in' a title 11 proceeding if they are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* (citations and quotations omitted). Here, Plaintiffs' claims are not predicated on any right created by a provision of the bankruptcy laws and would exist outside of the identified bankruptcy proceeding. Indeed, APOL concedes that this action is a non-core proceeding. (*See* Notice ¶ 9.)

*Fourth*, Section 1334 provides the only possible basis for federal jurisdiction, as APOL itself concedes (s*ee* Notice ¶¶ 1, 10), since there is no federal question raised and no diversity jurisdiction, given the citizenship of the parties.

*Fifth*, this case was originally filed in New York state court.

### B. The Sixth Requirement Is Met Because This Action Can Be "Timely Adjudicated" in State Court

The sixth and final prerequisite for mandatory abstention under § 1334(c)(2) is that the state-law action "can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2). The Second Circuit has identified four factors to consider in determining whether timely adjudication is possible:

(1) the backlog of the state court's calendar relative to the federal court's calendar;
(2) the complexity of the issues presented and the respective expertise of each forum;
(3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and
(4) whether the state court proceeding would prolong the administration or liquidation of the estate.

*Parmalat I*, 639 F.3d at 580; *Parmalat II*, 671 F.3d at 266. Considerations of these factors show that timely adjudication is possible. And here, again, APOL bears the burden of demonstrating there can be no timely adjudication of the action in state court. *Allstate*, 2011 WL 3628852 at *9 ("[T]he Second Circuit has noted that the party opposing remand should bear the burden to demonstrate that the proceeding cannot be timely adjudicated in state court").

*First*, there is no backlog in the state court's calendar that would prevent a timely adjudication of this action. Under "principles of comity," federal courts "presume that a state court will operate efficiently and effectively," *Parmalat I*, 639 F.3d at 582, and have repeatedly found that New York courts face no impediment to handling state law claims in a timely fashion.[5]

*Second*, neither the complexity of this case nor the relative expertise of this Court and the New York State Supreme Court weigh against abstention. If remanded, this action will be assigned to the Commercial Division, which specializes in commercial cases such as this one. No special factual expertise regarding Plaintiffs' allegations will be lost if the case is remanded, given that this case is in its earliest stage. See *In re New 118th* LLC, 396 B.R. at 895 (in abstaining, noting that federal court was not up on the "learning curve" as it had not made substantive decisions regarding the action).

---

[5] *See In re Extended Stay*, 435 B.R. at 152 (finding that the state court could timely adjudicate the action); *Lifetime Brands*, 2010 WL 454680, at *1 (finding arguments that Commercial Division of the New York Supreme Court could not handle case expeditiously "not persuasive"); *In re RJZM LLC*, No. 06-11535 (ALG), 2009 WL 2929433, at *5 (Bankr. S.D.N.Y. July 28, 2009) ("[N]o reason to believe that the action will not be timely adjudicated in [New York] State court"); *Deep v. Boies*, No. 1:05-CV-1187 (FJS/RFT), 2007 WL 169940, at *3 (N.D.N.Y. Jan. 17, 2007) (citing evidence of the "New York State Supreme Court's pattern of timely adjudication"); *In re Amanat*, 338 B.R. 574, 582 (S.D.N.Y. 2005) ("[N]o sufficient showing that the State Court action cannot move as quickly as necessary," where the case would likely be assigned to the Commercial Division, which moves on a fast-track basis).

*Third*, the status of the bankruptcy proceeding to which this action is purportedly "related" supports mandatory abstention. The CDC Corporation bankruptcy is a Chapter 11 proceeding in which the only filed plan is one of liquidation, not reorganization. Liquidations present less reason for urgency in adjudication because they do not require as many rapid decisions to determine what resources are available to fund the reorganization. *See Parmalat I*, 639 F.3d at 581; *see also In re Fairfield*, 458 B.R. at 691 (stating that because the "main proceedings are liquidation, as opposed to reorganization, [this] makes the timeliness analysis less important") (citations omitted); *In re New 118th LLC*, 396 B.R. at 894 (noting that in a liquidation proceeding "[t]here is no administrative urgency or plan of reorganization to facilitate" and "timely adjudication can be weighed relatively lightly") (citations and quotations omitted); *In re Leco Enters., Inc.*, 144 B.R. 244, 252 (S.D.N.Y.1992) (finding state courts can timely adjudicate actions "given the lack of urgency in . . . [liquidation] proceedings").

*Fourth*, and relatedly, abstention would not prolong the administration or liquidation of the CDC Corporation estate. The operative question is whether the decision to abstain itself would "unduly prolong" the estate in a unique way that would be avoided by retention. *Parmalat I*, 639 F.3d at 581. Abstention can "unduly prolong" a bankruptcy where, for instance, the federal court to which the action has been removed is itself charged with administering the estate, such that abstention and remand risk creating duplicative proceedings. *Id.* (citing *In re WorldCom, Inc. Secs. Lit.*, 293 B.R. 308 (S.D.N.Y. 2003)). Here, this Court is neither handling the CDC Corporation bankruptcy, nor has it yet developed any special expertise that would be lost in the event of a remand. Moreover, where—as here—there is a "liquidating Chapter 11 which involves no reorganization . . . no administrative urgency or plan of reorganization exists to facilitate" and thus there is no way that "a potential delay in state court

11

will significantly affect the administration or liquidation of the estate." *Parmalat II*, 671 F.3d at 269 (citation and quotations omitted) (collecting cases).

Abstention and remand are thus mandatory.

## IV. THIS COURT SHOULD REMAND THIS CASE UNDER THE PERMISSIVE ABSTENTION PROVISIONS OF 28 U.S.C. §§ 1334(C)(1) AND 1452(B)

Finally, even if the Court finds that abstention is not mandatory, the interests of justice and comity nevertheless strongly favor that the Court exercise its discretion to abstain and to remand the case. Section 1334(c)(1) provides that:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1); see also 28 U.S.C. § 1452(b) (authorizing remand on "any equitable ground"). Permissive abstention is a matter within the sound discretion of the district court. *In re Casual Male Corp.*, 317 B.R. 472, 477 (Bankr. S.D.N.Y. 2004).

"Courts consider one or more—though not necessarily all—of the following factors when determining whether to exercise permissive abstention under § 1334(c)":

> (1) the effect or lack thereof on the efficient administration of the estate if a[c]ourt recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

12

*Allstate Ins. Co. v. CitiMortgage, Inc.*, No. 11 Civ. 1927(RJS), 2012 WL 967582, at *6 (S.D.N.Y. Mar. 13, 2012) (citations omitted). Consideration of these factors demonstrates that permissive abstention would also be warranted here.

*First*, for the reasons discussed above, abstention will not affect the efficient administration of the CDC Corporation bankruptcy estate. In addition, this matter can be timely adjudicated in state court, further tipping this factor in favor of remand. *See* Section III.B *supra*; *see also In re Taub*, 417 B.R. 186, 192-93 (E.D.N.Y. 2009) (noting "prompt" and "expeditious" nature of proceedings in state court and finding that "efficient administration" factor weighed in favor of abstention).

*Second*, state law issues constitute the *only* legal issues in controversy in this action.

*Third*, the state law at issue is neither difficult nor unsettled, and remand is appropriate to allow the state courts to apply New York law.

*Fourth*, there is no related proceeding in state court, rendering this factor neutral.

*Fifth*, there is no basis for federal jurisdiction aside from 28 U.S.C. § 1334.

*Sixth*, as explained above, the degree of relatedness to the CDC Corporation bankruptcy proceeding is negligible.

*Seventh*, APOL concedes that the Complaint states no "core" claims. (Notice ¶ 9.)

*Eighth*, the state law claims asserted in Plaintiffs' Complaint are wholly severable from the purportedly related bankruptcy proceeding. There is no reason why adjudication and judgment of those claims should not be left to the state courts; nor is there any reason why the federal courts could not then adjudicate any indemnification claim that might arise.

13

*Ninth*, the burdens on the state and federal court would be comparable and, thus, this factor is neutral.

*Tenth*, given the remote connection between the instant action and the identified bankruptcy, and the fact that there is no other possible basis for federal jurisdiction, there is a high likelihood that APOL engaged in forum shopping when seeking to remove this action.

*Eleventh*, Plaintiffs' right to a jury trial can be vindicated equally in federal and state court, rendering this factor neutral.

*Finally*, none of the parties in this action are in bankruptcy.

In short, the relevant factors overwhelmingly favor permissive abstention. In simplest terms, this is a state law action with, at most, a remote link to a bankruptcy proceeding. There is no compelling reason why this Court should find itself to be a superior forum to the state court. The interests of justice and comity thus favor adjudication of the state law claims in the courts of the State of New York, and abstention is wholly appropriate.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court remand this action to the Supreme Court of the State of New York.

Dated:   July 12, 2012
         New York, New York

By:  /s/ Aaron M. Zeisler
     Aaron M. Zeisler
     Nathan J. Berkebile

Satterlee Stephens Burke & Burke LLP
230 Park Avenue, 11th Floor
New York, New York 10169
(212) 818-9200

*Attorneys for Plaintiffs*

14

1456759_1